Delcenia ROBINSON, Claud O'Dell, and
Bobby L. Dennis, Appellants,

v.

CLARK CONTRACTING COMPANY,
INC., Appellees.

No. 92–2449.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1993.

Decided April 23, 1993.

Raymond B. Abramson, Clarendon, AR, argued, for appellants.

Clint Saxton, West Memphis, AR, for appellees.

Before LOKEN and HANSEN, Circuit Judges, and MURPHY,* District Judge.

HANSEN, Circuit Judge.

Delcenia Robinson, Claud O'Dell, and Bobby L. Dennis appeal the dismissal by the district court [1] of their claims against Clark Contracting Company, Inc. (Clark). As taxpayers of St. Francis County, Arkansas, appellants allege that the county's business transactions with Clark violated the statutory procedures for the sale and purchase of county property. We affirm.[2]

---

* The HONORABLE DIANA E. MURPHY, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

1. The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

2. This appeal initially included the State of Arkansas ex rel. St. Francis County as an additional appellant, W.L. Laws and Laws Asphalt & Concrete, Inc. as additional appellees, and J.A. Riggs Tractor Company as an additional appellee and as a cross-appellant. After oral argument, we

On July 26, 1988, St. Francis County (the county) accepted bids for the sale by it of five used Caterpillar roadgraders and two used Galion roadgraders. Clark's bid for all seven pieces of equipment included a bid for $5,780.00 for the two used Galion roadgraders. J.A. Riggs Tractor Company (Riggs) was the successful overall bidder for the seven machines. Upon St. Francis County Judge Cisco's inquiry, however, Riggs stated that it had valued the two Galion roadgraders at only $3,000. Riggs agreed to delete the two Galion roadgraders from its bid so that the county could accept Clark as the high bidder with respect to those two roadgraders, to the county's advantage. Clark then took possession of the two Galion roadgraders.

Soon thereafter, Riggs sold to the county five new Caterpillar roadgraders. These five roadgraders were each equipped with a scarifier, a plow-like instrument which the county did not require, valued at $3,500 each, for a total of $17,500.

Judge Cisco also negotiated for the county to acquire a rebuilt Model 920 front end loader from Clark for the agreed value of $21,000. The $21,000 purchase price was satisfied in three parts. First, the county was credited by Clark for its $5,780 bid for the two used Galion roadgraders. Second, Clark agreed to take four of the county's scarifiers for the total value of $14,000. Upon Judge Cisco's request, Riggs agreed to repurchase all five scarifiers (the four from Clark and one back from the county). Riggs paid $14,000 to Clark for the four scarifiers (which Clark credited against the county's $21,000 purchase price of the Model 920 front end loader) and credited the county's account for the remaining $3,500 scarifier. Because of this simultaneous transaction with Riggs, Clark never took actual possession of the scarifiers. Finally, Clark agreed to accept the county's old Trogan front end loader for the agreed-upon value of $1,220, which represented the balance owing on the $21,000 purchase price of the Model 920.

■ The appellants contend that these transactions failed to comply with the statutory procedures for the sale of county property, Ark.Code Ann. § 14–16–105, with respect to the scarifiers and the Trogan front end loader and for the purchase of property by counties, Ark.Code Ann. § 14–22–101 *et seq.*, with respect to the Model 920 front end loader. The district court, however, found the transaction between Clark and the county to be exempted by § 14–16–105(f)(2) and by § 14–22–106(11). We review de novo a district court's decision applying state law. *Salve Regina College v. Russell*, 499 U.S. 225, ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

■ Transactions involving the sale of county property that do not comply with § 14–16–105 generally are null and void. Ark.Code Ann. § 14–16–105(f)(1). Taxpayers of the county may bring suit to cancel any such transaction and recover possession of the property, in which case the purchaser is not entitled to a refund of the amount paid. *Id.* The following subsection, however, exempts certain transactions.

> The procedures for sale and conveyance of county property set forth in this section shall not apply in those instances where personal property of the county is traded in on new or used equipment and credit, approximating the fair market price of such personal property, is given the county toward the purchase price of *new* equipment.

Ark.Code Ann. § 14–16–105(f)(2) (emphasis added). The appellants contend that this exemption is not applicable because the Model 920 front end loader purchased by the county in the trade was used, not "new." The district court interpreted the word "new," as emphasized in the above quote, in the context of the statute as meaning new to the county although it may be second-hand equipment. We agree.

The statutory provision excludes transactions from the requirements of the sale statute where (1) the county's property that is

granted the State's motion to dismiss its appeal against all appellees; the appellant taxpayers' motion to dismiss their appeal against J.A. Riggs Tractor Company, Laws Asphalt & Concrete, Inc., and W.L. Laws; and J.A. Riggs Tractor Company's motion to dismiss its cross-appeal, No. 92–2454. Judgment has been entered in No. 92–2454.

being sold "is traded in on new or used equipment" and (2) "credit, approximating the fair market price of such personal property, is given the county toward the purchase of new equipment." The term "new" in the second portion of the statute references the property that the county is acquiring in the trade. As is made explicit in the first portion of the statute, the property to be acquired by the county may be new or used. Although this interpretation renders the term "new" to have two different meanings within the same sentence, we believe that it is the reasonable and proper interpretation of this statute. To interpret the term "new" in the second portion of the statute to also mean "not previously used," as suggested by appellants, would lead to the peculiar result of an exemption from the statutory procedure for trade-ins on new or used equipment but fair market price credit for trade-ins could only be given on the newly acquired equipment that was truly new, i.e., that had not been previously used. We do not believe the statute was meant to prevent counties from obtaining fair market price credit in a trade-in of used equipment as part of the purchase of other used equipment.

■ The appellants also argue that the purchase of the Model 920 front end loader must be cancelled because the statutory procedure for the county to purchase property, §§ 14–22–101 et seq., was not followed. Section 14–22–106(11), however, exempts purchases of "used or secondhand motor vehicles, machinery, or equipment." The definition of "used or secondhand motor vehicles, machinery, or equipment" requires that a statement that the motor vehicle, machinery, or equipment in question has been used at least 500 hours or driven at least 18,000 miles be filed with the county clerk at time of purchase. Ark.Code Ann. 14–22–101(8). Clark did not timely file such a statement. It did, however, leave such a statement with the County Road Department on August 20, 1988. The district court found the statutory exemption applied because Clark substantially complied with the statute. We agree.

"[S]ubstantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute is shown to have been served." *State v. Eason*, 219 Ark. 36, 240 S.W.2d 36, 42 (1951) (citation omitted). The purpose of the statement requirement likely is to assure that the exemption only applies to equipment that is truly used equipment. The parties do not dispute that the equipment is used.[3] We find substantial compliance such that the exemption in § 14–22–106(11) is applicable. Furthermore, unlike the recision remedies contained in the statute regarding the sale of county property, the statutory sections regarding the purchase of county property provide only for remedies against the public official who intentionally does not comply with the statute. Ark.Code Ann. § 14–22–103.

We affirm the district court's dismissal of the appellants' claims against Clark.

---

3. The statement that Clark left with the County Road Department stated "approximate Hr. 4908 on machine," indicating that the Model 920 front

end loader had been used for approximately 4,908 hours.